**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JENNIFER VILLA and SUSAN DAVIDSON, on behalf of themselves and others similarly situated,<br><br>     Plaintiff,<br><br>v.<br><br>CARGILL MEAT SOLUTIONS CORPORATION,<br><br>     Defendant. | Civil Action No. _____<br><br>[formerly Court of Common Pleas of Philadelphia County, Case No. 21101004] |

## <u>NOTICE OF REMOVAL</u>

TO: CLERK, UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

Defendant Cargill Meat Solutions Corporation ("Cargill"), by and through its undersigned counsel, hereby files this Notice of Removal for the case styled *Jennifer Villa and Susan Davidson, on behalf of themselves and all others similarly situated v. Cargill Meat Solutions Corporation,* originally filed in the Court of Common Pleas of Philadelphia County, to the United States District Court for the Eastern District of Pennsylvania. In support thereof, Cargill avers as follows:

### INTRODUCTION

1.  Cargill files this Notice of Removal to remove to this Court an action over which this Court has jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d), but which was filed in the Court of Common Pleas of Philadelphia County.

2.  The Notice of Removal is filed within 30 days of service on Cargill of the Amended Complaint, which became the operative pleading when it was filed with the Court of Common Pleas of Philadelphia County on July 12, 2022.

3.  All prerequisites for the removal have been complied with and all deadlines for removal have been satisfied.

**THE STATE COURT COMPLAINT AND AMENDED COMPLAINT**

4.      On October 13, 2021, Plaintiff Jennifer Villa filed an action, on behalf of herself and all others similarly situated, in the Court of Common Pleas of Philadelphia County against Cargill under the Pennsylvania Minimum Wage Act. Villa's original complaint was titled "Complaint—Class Action" and identified two plants owned and operated by Cargill—the Hazleton Plant and the Wyalusing Plant—where Villa alleged that Cargill required her and other production workers "to arrive at the facility to undergo a COVID screening process conducted by Cargill" and "to wait in line to undergo the COVID screening process." Orig. Compl. at ¶¶ 17 & 18. In addition, Villa claimed that production workers were "not allowed time for meals" and the time spent for meals was not properly paid. Id. at ¶ 29.

5.      On July 12, 2022, Plaintiff Jennifer Villa added a co-plaintiff to her lawsuit (Susan Davidson) and filed an Amended Complaint. The Amended Complaint was titled "First Amended Complaint—Class Action" and made several changes pertinent to removal. First, the Amended Complaint alleged that Cargill failed to properly pay production workers at a third facility—the Camp Hill Plant—while maintaining its allegations relating to the Hazleton Plant and the Wyalusing Plant. Second, the Amended Complaint no longer sought "wages for time associated with alleged work activities during unpaid meal breaks." Am. Compl. at 2 n.1. Third, the Amended Complaint now alleged that "Cargill did not pay Production Workers for the time spent (i) walking (inclusive of any delays and interruptions encountered along the walking route) within the Pennsylvania Plants to and from time clocks located at or near Workers' assigned work areas and (iii) [sic] waiting in line at the time clocks." Am. Compl. at ¶ 26.

6.      The Amended Complaint seeks relief under the Pennsylvania Minimum Wage Act and alleges that Cargill failed to pay production workers "for the COVID Screening Time and Walking/Waiting Time" described in the Amended Complaint. Am. Compl. at ¶ 46.

7.      The Amended Complaint seeks unpaid wages, including overtime wages; prejudgment interest; litigation costs, expenses, and attorney's fees; and other relief that the Court deems just. Am. Compl. at p. 9.

## GROUNDS FOR REMOVAL

8.      Under the Class Action Fairness Act, 28 U.S.C. § 1332(d) ("CAFA"), this Court has original jurisdiction over any civil action that: (a) is a class action with a putative class of more than one hundred members; (b) in which any member of a class of plaintiffs is a citizen of a State different from any defendant; and (c) in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs.

9.      CAFA applies to certain "class actions," which the statute defines as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute." 28 U.S.C. § 1332(d)(1)(B).

10.     The Amended Complaint satisfies the terms of the Class Action Fairness Act and, accordingly, removal to this Court is proper under 28 U.S.C. § 1441(a).

### *Sufficient Number Of Putative Class Members*

11.     The headcount for production workers for all three plants named in the Amended Complaint, for time frame asserted in the Amended Complaint, exceeds 3000 employees.

12.     Therefore, the putative class action asserted in the Amended Complaint has more than 100 members.

### *Minimal Diversity Is Met*

13.     For diversity purposes, a corporation is deemed a citizen of its state of incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1).

14.     Cargill is incorporated in the State of Delaware and its principal place of business is in the State of Kansas.

15.     Accordingly, Cargill is a citizen of Delaware and Kansas.

16.     The Amended Complaint alleges that Villa resides in McAdoo, Pennsylvania, and that Davidson resides in Meshoppen, Pennsylvania. Upon information and belief, Cargill avers that Villa and Davidson maintain their domiciles (not just residence) within Pennsylvania and, for purposes of diversity, are citizens of Pennsylvania.

17.     Given that the putative class seeks to represent production workers employed at three plants inside Pennsylvania, and that both Villa and Davidson reside within Pennsylvania and, upon information and belief, are Pennsylvania citizens, the minimal diversity threshold of the Class Action Fairness Act are satisfied because at least one member of the class of plaintiffs is a citizen of a different state than Cargill, which is only a citizen of Delaware and Kansas.

### *Amount In Controversy*[1]

18.     In its decision in <u>Dart Cherokee Basin Operating Co. v. Owens</u>, 135 S.Ct. 547 (2014), the United States Supreme Court clarified the standards applicable to notices of removal in CAFA cases, confirming a liberal standard in favor of removing Defendant. Specifically, the Supreme Court found that the similarity of language between the removal statute and Rule 8(a) can only mean that the same liberal pleading standards applied to complaints must also apply to notices of removal. <u>Id.</u> The Supreme Court also held in <u>Dart</u> that a removing defendant is not required to include evidence with its pleading in order to establish that the elements of federal

---

[1] The alleged damage calculations set forth in the instant Notice of Removal are provided for purposes of removal only and based on the presumption of truth to which Plaintiffs' allegations are entitled.  Cargill denies that Plaintiffs or any putative class member is entitled to any relief whatsoever and expressly reserves the right to challenge Plaintiffs' claims and their alleged damages at every stage of this case.

subject matter jurisdiction are met. Id. at 552-553. "In sum, as specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required by § 1446(c)(2)(B) only when the Plaintiffs contests, or the court questions, the defendant's allegation." Id. at 554. In addition, there exists no "presumption against removal" in CAFA cases, because CAFA was specifically enacted by Congress "to facilitate adjudication of certain class actions in federal court." Id.

19.    Congress intended federal jurisdiction to be appropriate under CAFA "if the value of the matter in litigation exceeds $5,000,000 either from the viewpoint of the Plaintiffs or the viewpoint of the defendant, and regardless of the type of relief sought (e.g., damages, injunctive relief, or declaratory relief)." Senate Judiciary Committee Report, S. REP. 109-14 at 42. In addition, the Senate Judiciary Committee's Report on the final version of CAFA makes clear that any doubts regarding the maintenance of interstate class actions in state or federal court should be resolved in favor of federal jurisdiction. S. REP. 109-14 at 42-43 ("[I]f a federal court is uncertain about whether 'all matters in controversy' in a purported class action 'do not in the aggregate exceed the sum or value of $5,000,000,' the court should err in favor of exercising jurisdiction over the case … [Section 1332(d)] should be read broadly, with a strong preference that interstate class actions should be heard in federal court if removed by the defendant." (emphasis added)]

20.    In calculating the amount in controversy, the claims of class members may be aggregated to determine whether the amount in controversy has been satisfied. 28 U.S.C. § 1332(d)(6).

21.     Neither the original Complaint nor the Amended Complaint provide a clear statement of the damages sought, or sufficient facts from which damages can be readily calculated, or affirmatively reveal on its face that Plaintiffs are seeking damages in excess of $5 million.

22.     In McClaren v. The UPS Store, 32 F.4th 232 (3d Cir. 2022), the Court of Appeals for the Third Circuit held that, in a case addressing CAFA removal, that the 30 day statutory clock for removal is not triggered by information that the defendant already possesses or knows from its own records. Id. at 238; see also Gibson v. Clean Harbors Env't Servs., Inc. 840 F.3d 515, 519 (8th Cir. 2016) (clock does not run "until the defendant receives from plaintiff [a document] from which the defendant can unambiguously ascertain that the CAFA jurisdictional requirements have been satisfied"); Paros Props., LLC. V. Colos. Cas. Ins. Co., 835 F.3d 1264, 1269 (10th Cir. 2016) (describing court's "very strict" approach in assessing whether "grounds for removal are ascertainable" because plaintiff's statement must provide clear and unequivocal notice); Walker v. Trailer Transit, Inc. 727 F.3d 819, 821, 825 (7th Cir. 2013) (in CAFA case, thirty day clocks are triggered only by plaintiff's paper that, "on its face or in combination with earlier-filed pleadings" "affirmatively and unambiguously reveals" removability).

23.     In McClaren, the Third Circuit rejected the argument that the defendant must perform its own analysis based on its own data (in that case, number of notary services provided), when the complaint itself does not provide a clear statement of the damages sought or sufficient facts from which damages can be readily calculated. 32 F.4th at 237-38.

24.     Based on the changes made in the Amended Complaint – which now includes (i) a third facility (Camp Hill) not previously named in the original complaint, (ii) an allegation that Cargill "did not pay Production Workers for the time spent…walking (including of any delays and interruptions encountered along the walking route) within the Pennsylvania Plants to and from

6

time clocks located at or near Workers' assigned work areas", and (iii) specifies that the Amended Complaint seeks relief is "during ***all times*** after July 12, 2019," Am. Compl. at ¶ 26 (emphasis in the Amended Complaint), a timeframe which allegedly includes possible ongoing liability up to the present day—Cargill conducted a review of its internal records in an attempt to evaluate if the allegations supported the $5 million jurisdictional threshold.

25.     Based on Cargill's review of the time periods for which wages are now sought in the Amended Complaint, for the time periods and at the plants now named in the Amended Complaint, Cargill avers that the number of employees, the timeframe at issue, and the average wage rate of the employees would lead—if Plaintiffs' allegations about unpaid COVID screening time and unpaid walking/waiting time were to be credited and if Plaintiffs' allegations that such times were hours worked requiring compensation were to be held true, allegations which Cargill explicitly denies but, for purposes of the notice of removal, which the Court must construe in Plaintiffs' favor at this point—to an amount in controversy in excess of the CAFA threshold of $5,000,000.00.

## TIMELINESS OF REMOVAL

26.     Under 28 U.S.C. § 1446(b)(3), a case where the original pleading is not removable may be removed within thirty days "after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

27.     The Amended Complaint was filed on July 12, 2022 at 5:14 pm and was docketed and served on Cargill on July 13, 2022.

28.     This Notice of Removal is timely because it is filed within 30 days of the filing of the Amended Complaint on July 12, 2022.

**PROCESS, PLEADINGS, AND ORDERS FROM STATE COURT**

29.    Pursuant to 28 U.S.C. § 1446(a), Cargill has attached as exhibits to this Notice all process, pleadings, and orders served upon Cargill from the state court action prior to the filing of this Notice, to wit:

- the original Complaint (Exhibit 1),

- the Affidavit of Service on Cargill (Exhibit 2),

- the Class Action Initiation Order (Exhibit 3)

- the Answer and New Matter to the Complaint (Exhibit 4),

- the Case Management Order of January 18, 2022 (Exhibit 5),

- the Response of Plaintiff to the New Matter, along with Plaintiff's Praecipe to Attach Verification to the Response to the New Matter (Exhibit 6);

- the Order admitting Jeremy Glenn *pro hac vice* (Exhibit 7),

- the Stipulated Protective Order (Exhibit 8),

- the First Amended Complaint (Exhibit 9),

- the stipulation for a First Amended Complaint (Exhibit 10),

- the Praecipe to Attach Verification of Susan Davidson (Exhibit 11), and

- the Praecipe to Attach Verification of Jennifer Villa (Exhibit 12).

**NOTICE TO ADVERSE PARTIES AND STATE COURT**

30.    Pursuant to 28 U.S.C. § 1446(d), Cargill will serve a copy of this Notice of Removal to all parties in the state action and will file a copy of this notice with the Office of Judicial Records of the Court of Common Pleas of Philadelphia County promptly after the filing of this Notice of Removal in this Court.

**WHEREFORE**, **NOTICE** is given that the state court action from the Court of Common Pleas of Philadelphia County at Case No. 21101004 is now **REMOVED** from that court and to the United States District Court for the Eastern District of Pennsylvania on the basis of this Notice of Removal.

Respectfully submitted,

COZEN O'CONNOR

*/s/ Elizabeth A. Malloy*
By: Elizabeth A. Malloy (PA 48297)
Jason A. Cabrera (PA 315804)
1650 Market Street, Suite 2800
Philadelphia, PA 19103
Phone: 215-665-4792
Phone: 215-665-7267
Email: emalloy@cozen.com
Email: jcabrera@cozen.com

Jeremy J. Glenn (*pro hac vice motion forthcoming*)
123 North Wacker Drive, Suite 1800
Chicago, IL  60606
Phone: 312-474-7981
Email: jglenn@cozen.com

*Attorneys for Defendant*
*Cargill Meat Solutions Corp.*